*Scott, J.
Suit was brought in the court below, by defendant in error, to recover of plaintiffs in error for an alleged breach of a contract for the delivery of corn. Tbe contract sued upon, made November 15, 1862, reads thus: •
*182 “Eor value received, we promise to' pay or deliver to E. A. Sells four hundred and forty bushels corn.
“John L. Gill & Son.”
A demurrer to the answer of the defendants below having been, sustained, the case was submitted to the court for assessment of damages; and the record recites, that “ the court being of opinion, that the measure of plaintiff’s damages is the highest market price of said corn in the city of Columbus, Ohio (at which place the court finds such corn should have been delivered), between the time said corn should have been delivered and said day of trial ; and the court finds, from the testimony, said highest market price to have been one dollar per bushel, and in accordance with said opinion, as to the law of the case, the court assesses the damages, of the plaintiff to four hundred and forty dollars. It is therefore considered,” etc.
The main question discussed by counsel is as to the proper measure of damages in such a case. But we think the record does not bring that question properly before us for consideration. No part of the evidence in the case is shown by bill of exceptions or otherwise. And there is no finding of facts by the court, as shows the relevancy of the opinion expressed by the court below, to the case on trial. It does not appear at what time corn attained its. highest market price of one dollar per bushel. Eor aught that appears, this may have been its market price when the breach of contract complained of occurred. Or it may have borne that, price at whatever other time we assume that its value should have formed the proper basis for computing damages. If we assume the opinion expressed by the court below, as to the proper meas-sure of damages, to be erroneous, yet the error is upon an abstract legal proposition, not appearing by the record to have been necessarily involved in the case, and, therefore, not prejudicial to the plaintiff in error. Such opinions or ^ruling will not be reviewed, upon error, by this court. Cressinger v. Welch, 15 Ohio, 156.
The court below sustained a demurrer to the answer of plaintiffs in error, and this is here assigned for error.
That answer was, in substance, that shortly after the execution of the contract sued upon, the plaintiff demanded the corn, and they informed him that they had none to deliver, but that they *183 would pay for it if he would supply himself elsewhere. That the market price of corn was then thirty-five cents per bushel; and that they have always been willing to pay for the corn at that price,, and now offer to confess judgment for one hundred and seventy-six dollars, and interest thereon from the time of demand.
This answer is neither a full nor a partial defense. It is not a. bar to the cause of action nor to any part of it. In fact, it admits, the whole cause of action upon which suit was brought. And it is. certainly neither a counter-claim nor a set-off. It seeks merely to' raise a question as to the proper measure of. the damages to which the plaintiff was entitled. This was unnecessary; for the facts, stated in the answer, if pertinent to the question of damages at all, might be shown on the assessment of damages in default of answer..
We think the demurrer was properly sustained.
Judgment affirmed. «
Day, C.J., and White, Welch, and Brinkerhoee, JX, concurred.